TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar No. 8264
JOSEPH SCISCENTO
Assistant United States Attorney
Nevada Bar No. 4380
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
joseph.sciscento@usdoj.gov

U.S. ... ... JUDGE

MAR 26 2026

FILED

MAR 26 2026

U.S. MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | **CRIMINAL COMPLAINT** |
|---|---|
| Plaintiff, | Case No. 2:26-mj- 00194-DJA |
| v. | VIOLATIONS: |
| AUBREY DAY GRUBBS, | Operating a Motor Vehicle while Under the Influence of Drugs 36 C.F.R. § 4.23(a)(1) |
| Defendant. | Failure to Obey a Traffic Control Device— Stop Sign - 36 C.F.R. § 4.12 |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being first duly sworn, states that:

### COUNT ONE
### Operating a Motor Vehicle while Under the Influence of Drugs
### (36 C.F.R. § 4.23(a)(1))

On or about March 25, 2025, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**AUBREY DAY GRUBBS,**

defendant herein, operated a black 2022 Ford F-150 pickup truck bearing Montana license plate 460588D, under the influence of drugs to a degree that rendered the defendant incapable of safe operation, in violation of 36 C.F.R. § 4.23(a)(1).

**COUNT TWO**
Failure to Obey a Traffic Control Device
(36 C.F.R. § 4.12)

On or about March 25, 2025, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**AUBREY DAY GRUBBS,**

defendant herein operated a black 2022 Ford F-150 pickup truck bearing Montana license plate 460588D and failed to comply with directions of a traffic control device, in violation of 36 C.F.R. § 4.12.

**PROBABLE CAUSE AFFIDAVIT**

I, Christopher J. Raynolds, as a Park Ranger with the National Park Services, state the following as and for probable cause:

1.      I have been employed as a law enforcement officer with the National Park Service in the Lake Mead National Recreation Area, Clark County, Nevada, for over twenty (20) years.

2.      As part of my duties, I investigate criminal violations of law on federal land. Through my employment as a Ranger with the National Park Service, I have received specialized training in the enforcement of federal laws. My training and experience have involved, among other things, the evaluation of roadside impairment, performing DUI investigations, and the administration of Field Sobriety Tests.

2

3.    The following information used to support this Complaint was derived from reports of information obtained from investigations conducted by law enforcement related to the incident or my own personal investigation.

4.    This Complaint contains information necessary to support probable cause to believe that the criminal offenses described herein were committed by the defendant, **AUBREY DAY GRUBBS**, and is not intended to include each and every fact and matter observed or known by me. Moreover, to the extent that this Complaint contains statements by witnesses, those statements are set forth only in part and in substance and are intended to accurately convey the information, but not to be verbatim recitations.

## FACTS ESTABLISHING PROBABLE CAUSE

5.    On March 25, 2025, National Park Service Ranger Chevy Johnson was on routine patrol within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada.

6.    At approximately 3:18 PM, while travelling east on Hemenway Access Road, Ranger Johnson observed a black Ford F-150 pick-up truck bearing Montana license plate 460588D travelling northbound on Horsepower Cove Road. The vehicle failed to come to a complete stop for the stop sign at the intersection with Hemenway Access Road. While executing the turn onto Hemenway Access Road, the vehicle made a wide left turn and drove onto the shoulder of the roadway. Ranger Johnson turned around to follow the vehicle. Ranger Johnson observed the vehicle swerving within the lane and crossing the fog line three (3) times as it travelled westbound on Hemenway Access Road. Again, the vehicle failed to make a complete stop for the stop sign at the intersection of Hemenway Access Road and Lakeshore Road before turning left onto Lakeshore Road.

3

7.      Ranger Johnson conducted a traffic stop on Lakeshore Road near mile marker five (5) and contacted the operator of the black 2022 Ford F-150, who was identified as **AUBREY DAY GRUBBS** by her Nevada driver's license.

8.      During this face-to-face contact, **GRUBBS** denied consuming any alcohol or marijuana. When asked, **GRUBBS** admitted to having marijuana in the vehicle. Ranger Johnson asked **GRUBBS** to indicate the location of the marijuana without reaching for it. **GRUBBS** began reaching for the front passenger floorboard; Ranger Johnson instructed **GRUBBS** to stop reaching; **GRUBBS** continued reaching within the vehicle. For the third time **GRUBBS** was instructed to stop reaching within the vehicle. **GRUBBS** complied and was directed to exit the vehicle.

9.      During routine questioning **GRUBBS** admitted to hitting a THC pen once that day, at approximately 10 AM that morning.

10.     The following are the results of the Standardized Field Sobriety Test administered to **GRUBBS** by Ranger Johnson:

(a)      Horizontal Gaze Nystagumus Test: **GRUBBS**'s eyes did not display any clues. **GRUBBS** eyes were bloodshot.

(b)      Walk-and-Turn Test: **GRUBBS** stopped while walking, used her arms for balance, took the wrong number of steps, and conducted an improper turn.

(c)      One-Leg-Stand Test: **GRUBBS** displayed no clues.

(d)      Preliminary Breath Test: **GRUBBS** was not administered this test.

11.     The following are the results of the Advanced Roadside Impaired Driving Enforcement ("ARIDE") Tests administered to **GRUBBS** by Ranger Johnson:

4

(a)    Lack of Convergence Test: **GRUBBS's** eyes did not display a lack of convergence.

(b)    Modified Romberg Balance Test: **GRUBBS** estimated thirty (30) seconds in approximately thirty-seven (37) seconds.  **GRUBBS** swayed one (1) inch front to back. Eyelid tremors were present which can be indicative of marijuana use.

(c)    Finger to Nose Test: **GRUBBS** missed the tip of her nose five (5) times, did not bring her finger down six (6) times. **GRUBBS** tilted her head forward during the test. Eyelid tremors were present which can be indicative of marijuana use.

12.    Based on Ranger Johnson's training and experience, **GRUBBS's** physical and objective symptoms of intoxication and performance of Standardized Field Sobriety Tests and the ARIDE Tests, Ranger Johnson formed the opinion that **GRUBBS** had been operating a motor vehicle while under the influence of a drug placed **GRUBBS** under arrest.

13.    **GRUBBS** was taken to the Henderson Detention Center where she consented to a blood withdrawal. A registered nurse withdrew a sample of blood from **GRUBBS**.

14.    **GRUBBS'** blood sample was analyzed by a Las Vegas Metropolitan Police Department forensic scientist who determined it contained a concentration of marijuana in the amount of 11-Hydroxy-THC (marijuana metabolite) of 1.1 ng/mL +/- 0.3 ng/mL, Delta-9-Tetrahydrocannabinal of 6.5 ng/mL +/- 1.2 ng/mL, and THC-Carboxylic Acid (marijuana metabolite) in the amount of 14.8 ng/mL +/- 2.9 ng/mL of blood.

…

## CONCLUSION

15.  Based upon the information set forth in this application, I respectfully submit that there is probable cause to believe that **AUBREY DAY GRUBBS** violated 36 C.F.R. §§ 4.23(a)(1) and 4.12 as described above.

CHRIS RAYNOLDS, Park Ranger
National Park Service

SUBSCRIBED and SWORN to before me this _____ 26th _____ day of March 2026.

HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE